MOORE
vs
ANN, &c.

Wherefore, the judgment is affirmed.

*Shuck* for appellant; *Rountree & Fogle and B. Hardin* for appellee.

---

TRESPASS.

*Case* 11.

*December* 19.

Case stated.

# Moore *vs* Ann, (a woman of color.)

### APPEAL FROM THE HARDIN CIRCUIT.

*Evidence. Authentication. Slaves. Apprentices.*

JUDGE SIMPSON delivered the opinion of the Court.

In a suit at law, brought by the defendant against the plaintiff in error, for her freedom, a copy of an indenture of apprenticeship, bearing date in 1811, and purporting to have been executed by Moore; who was the defendant in the Court below, was offered in evidence, objected to by the defendant, whose objection was overruled, and the copy allowed to go as evidence to the jury.

Its admissibility as evidence is the first question to be determined.

It is certified by the clerk of the County Court of Campbell county, State of Virginia, as a true copy of

an indenture of apprenticeship from the overseers of the poor, of Campbell county, to Wm. G. Moore, from the records of said Court. The presiding Justice of said County Court, also certifies that the individual whose name is subscribed to the certificate, is clerk, and that his attestation is in due form of law.

The objection made to this copy is, that there is nothing to show the indenture was ever executed by the plaintiff in error, or that it was legally placed upon the records of said Court.

It is authenticated in the mode prescribed by the act of Congress of 1790, (*Stat. Law*, 189,) by the attestation of the clerk, and the seal of the Court annexed, together with a certificate of the presiding Magistrate of the Court, as required by the act. It is not, however, a judicial proceeding, nor is there any thing to prove that it was executed by Moore, or that it was admitted to record by the act or order of the Court.

Under the above metioned act of Congress, the records and judicial proceedings, authenticated as aforesaid, are to have such faith and credit given to them in every Court within the United States, as they have by law or usage in the Courts of the State from whence the said records are or shall be taken.

We cannot determine, in the absence of all testimony on the subject, what faith and credit a mere copy of an indenture of apprenticeship, certified by the clerk of a County Court in Virginia, is entitled to by law or usage in the Courts of said State. If it were accompanied with an order of the Court, directing it to be recorded, the presumption would be, that it had been executed according to law, and was properly admitted among the records of the Court.

But as the copy of the indenture above was offered, as there was no evidence of any action of the County Court in regard to it, or of the credit which it is entitled to in the Courts of Virginia, or of any law of that State, empowering overseers of the poor to return such indentures to the clerk's office of the County Court for record, we are of opinion, that the naked copy produced,

A copy of an indenture of apprenticeship purporting to be made by the overseers of the poor of a sister State, certified by the clerk, and the certificate of the presiding Judge, that clerk's certificate is in due form, without any proof of its execution or that it was placed upon record by the authority or direction of the Court; or proof as to the effect of such an instrument in the state from which it came—-Held not to be competent evidence.

did not prove any thing, and was not admissible as evidence.

The Court below, after the evidence was all heard, at

An instruction which is based upon incompetent testimony admitted to go to the jury, is erroneous.

the instance of the counsel for the plaintiff in that Court, instructed the jury, that if the plaintiff was the same person named in the indenture of apprenticeship, and the defendant was also the same William G. Moore, that he was estopped to deny her right to freedom.

This instruction, we think was right, if the fact upon which it was based had been properly established by the evidence. It would be against the policy of the law, and tending actually to a violation of good faith, to permit an individual who had taken an indenture of apprenticeship upon an infant of color, and retained the possession and control of the infant by virtue thereof, afterwards to deny the right of the apprentice to freedom, at the period, when by the stipulations of the writing itself, the apprenticeship was to terminate. The execution of the indenture, and the possession under it, must be regarded as conclusive between the parties, of the apprentice's right to freedom. The stipulations of this indenture, supposing it to have been evidence, manifest clearly, that the infant was regarded as a free person of color, bound out as such by the overseers of the poor, and taken as such, as an apprentice by Moore himself.

If, however, an infant of color, was bound as an apprentice, under a misapprehension of its right of freedom, when it was in reality a slave, this act would not affect the right of the owner, nor operate as an estoppal upon him. Nor would we be understood as deciding that the master of the apprentice might not, in such a case, become invested with the owner's title, and by having the indenture vacated by the proper tribunal, free himself from the operation of the estoppal produced by it. The proof is, however, that Moore availed himself of his rights as master under the indenture, claimed and enjeyed all the benefits it conferred upon him, and should not therefore now be permitted to controvert the right of the apprentice to her freedom.

The master of a person of color to whom the latter had been apprencied after holding and enjoying the services as an apprentice, cannot be permitted to quesion the right ot the apprentice to freedom after the term of service has expired. Though if a slave has been improperly bound apprentice, the owner may assert his right to such slave.

But, as the copy of the indenture was improperly admitted as evidence, the instructions predicated upon it cannot be sustained.

Wherefore, the judgment is reversed and cause remanded, for a new trial and further proceedings consistent with this opinion..

*Riley, Helm and Morehead & Reed* for appellant ; *B. Hardin* for appellee.